IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**MONTGOMERY BLAIR SIBLEY,**

    Petitioner,

vs.                                                        Case No. 4:08cv243-RH/WCS

**CHIEF JUSTICE R. FRED LEWIS,**
**FLORIDA SUPREME COURT,**

    Respondent.

                                /

## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

Petitioner Sibley, proceeding pro se, filed a petition for writ of habeas corpus referencing 28 U.S.C. § 2254.  Doc. 2.  He paid the $5.00 fee for filing a habeas corpus petition.

Petitioner was suspended from practicing law in Florida, and has filed a number of other suits in this court (mentioned ahead).  Here he claims he "is not presently in custody but his liberty is so restrained by his Florida Bar suspension as to compel this Court to act to remove that restraint."  Doc. 2, p. 1 (emphasis in original).  Petitioner asserts that following his suspension by the Florida Supreme Court on March 7, 2008, he filed two motions to stay which were "ignored" by the court, and "[a] third motion is

pending." *Id.*, pp. 2-3. He claims that the exhaustion requirement of § 2254 is invalid,[1] and alternatively that even if valid and applicable here, he has exhausted state court remedies. *Id.*, p. 3-4. For relief, Petitioner seeks a writ commanding Respondent to vacate the order suspending Petitioner from practicing law. *Id.*

Petitioner is not entitled to habeas corpus relief, under § 2254 or otherwise, as he is not in any kind of custody. Habeas corpus is a procedural device for obtaining judicial review of unlawful restraints on liberty. <u>Peyton v. Rowe</u>, 391 U.S. 54, 58, 63, 88 S.Ct. 1549, 1551, 1554, 20 L.Ed.2d 426 (1968) (writ is concerned with restraints on liberty); <u>Hensley v. Municipal Court, San Jose Milpitas Judicial Dist., Santa Clara County, California</u>, 411 U.S. 345, 351, 93 S.Ct. 1571, 1574, 36 L.Ed.2d 294 (1973) (custody requirement "is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty."); <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 486, n. 7, 93 S.Ct. 1827, 1834, n. 7 (1973) ("the traditional meaning and purpose of habeas corpus [is] to effect release from illegal custody.").

---

[1] Petitioner claims that the exhaustion requirement of § 2254 suspends the writ of habeas corpus in violation of Art. I, § 9, and Amendment 9 to the Constitution. *Id.*, pp. 3-4. The exhaustion requirement was initially announced in 1886, before codification of § 2254. *See* <u>Medberry v. Crosby</u>, 351 F.3d 1049, 1055-58 and n. 6 (11th Cir. 2003), *cert. denied,* 541 U.S. 1032 (2004) (discussing the history of the writ through enactment of the Antiterrorism and Effective Death Penalty Act of 1996) (AEDPA). Judgments regarding the scope of the writ and limitations to place on granting the writ are generally left to Congress. *See, e.g.*, <u>Felker v. Turpin</u>, 518 U.S. 651, 664, 116 S.Ct. 2333, 2340, 135 L.Ed.2d 827 (1996) (collecting cases, finding the AEDPA restrictions on successive filings did not constitute suspension of the writ); <u>Wyzykowski v. Department of Corrections</u>, 226 F.3d 1213, 1215, 1217 (11th Cir. 2000) (collecting cases, including <u>Felker</u>, and "readily conclud[ing] that, as a general matter," the one year limitations period imposed by the AEDPA did not constitute a suspension of the writ). The challenge to § 2254 need not be addressed here because, as discussed ahead, Petitioner is not in custody for habeas corpus purposes, and any additional limitations of § 2254 are irrelevant.

> [A]lthough the scope of the writ of habeas corpus has been extended beyond that which the most literal reading of the statute might require, the Court has never considered it a generally available federal remedy for every violation of federal rights. Instead, past decisions have limited the writ's availability to challenges to state-court judgments in situations where – as a result of a state-court criminal conviction – a petitioner has suffered substantial restraints not shared by the public generally.

Lehman v. Lycoming County Children's Services Agency, 458 U.S. 502, 510, 102 S.Ct. 3231, 3236-37, 73 L.Ed.2d 928 (1982).[2] There, Ms. Lehman claimed her sons, placed in foster homes pursuant to a state court order, were unlawfully in custody. The Court found this "custody" was not the type traditionally challenged by habeas corpus, and that Lehman instead sought "to relitigate, through federal habeas," the termination of her parental rights. *Id.*, at 511, 102 S.Ct. at 3237 (footnote omitted). This was not a proper use of the writ:

> The writ of habeas corpus is a major exception to the doctrine of res judicata, as it allows relitigation of a final state-court judgment disposing of precisely the same claims. Because of this tension between the State's interest in finality and the asserted federal interest, federal courts properly have been reluctant to extend the writ beyond its historic purpose.

*Id.*, at 512-513, 102 S.Ct. at 3238. "The federal writ of habeas corpus, representing as it does a profound interference with state judicial systems and the finality of state decisions, should be reserved for those instances in which the federal interest *in*

---

[2] As noted in Lehman, while § 2254(a) requires that a person be "in custody," § 2241 actually refers to a prisoner, providing that the writ "shall not extend to a *prisoner* unless . . . ." 458 U.S. at 508 and n. 8, 102 S.Ct. at 3235-36 and n. 8 (quoting § 2241(a) with added emphasis). The Court also noted that while habeas may be an available remedy for actions by federal entities (e.g., allowing Army Reserve member to challenge military obligation, or allowing alien to challenge exclusion from the country), this "is not precedent for the use of federal habeas to challenge judgments of state courts." *Id.*, at 508, n. 9, 102 S.Ct. at 3236, n. 9 (citations omitted).

*individual liberty* is so strong that it outweighs federalism and finality concerns." *Id.*, at 515-516, 102 S.Ct. at 3239-40 (emphasis added) (footnote, quoting <u>Hensley</u>, omitted).

The suspension of his license may certainly disadvantage Petitioner. But assuming he had a liberty interest in his license protected by due process,[3] it does not mean the deprivation of it (whether or not the deprivation comported with due process), takes away or restricts his *liberty* as that term is understood in the habeas corpus context.

Filing this case as a habeas corpus petition seems an obvious attempt by Petitioner to avoid application of the *Rooker-Feldman* doctrine. <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). As Petitioner is aware from other cases filed in this court, *Rooker-Feldman* acts as a jurisdictional bar to a suit challenging to the Florida Supreme Court's decision. <u>Sibley v. Hall, et al.</u>, 4:06cv314-RH/WCS, doc. 16 (pp. 10-11, 17), doc. 19 (p. 2), and doc. 22 (pp. 2-3) (report and recommendations and adopting order, respectively);[4] <u>Sibley v. Florida Supreme Court, et al.</u>, 4:07cv331-RH/WCS (doc. 8, pp. 4-5), doc. 12, and doc. 20 (pp.

---

[3] While "a license to practice law endows the holder with a conditional privilege and not a vested right," it is still "a valuable privilege which should not be regarded lightly" and "has characteristics of property which should not be withdrawn by a governing authority save by proper application of traditional concepts of due process." <u>The Florida Bar v. Fussell</u>, 179 So.2d 852, 854 (Fla. 1965).

[4] The undersigned recommended dismissal and possible Fed.R.Civ.P. 11 sanctions; doc. 22 adopted the recommendations and dismissed the claims with prejudice but concluded that sanctions should not yet be imposed. Doc. 22, p. 6, n. 2 (putting Mr. Sibley "on notice: the considerable patience shown in this order is near its end."). Judgment was entered on the docket on December 13, 2006, doc. 23 in that file.

3-4) (report and recommendation as adopted, and Eleventh Circuit mandate, respectively).[5]  See also, Sibley v. Lando, 437 F.3d 1067, 1070-1072 and nn. 3 and 5 (11th Cir. 2005) (on appeal from the Southern District of Florida) (noting the doctrine, citing Exxon Mobil Corp. V. Saudi Basic Indus. Corp., 544 U.S. 280, 125 S.Ct. 1517, 1522-23, 161 L.Ed.2d 454 (2005)[6] (other citations omitted).

Petitioner is not suffering any restraint of liberty or physical custody as required for federal habeas corpus, and this court is otherwise barred from reviewing his challenge to the decision of a state court.

---

[5] Judgment was entered on the docket on September 12, 2007.  Doc. 13 in that file.  The appeal was dismissed as frivolous.  Doc. 22 in that file.  The Eleventh Circuit explained that, "[t]o the extent that Appellant's claims are based on state litigation which had already concluded when he filed his complaint, such claims are barred by Rooker/Feldman."  Id., p. 3.  It also noted that claims based on current disciplinary bar proceedings were not subject to Rooker/Feldman, but were precluded by abstention principles.  Id.

[6] In Exxon Mobil the Court held that the doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.  Rooker-Feldman does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions."  544 U.S. at 284, 125 S.Ct. at 1521-22.

It is therefore respectfully **RECOMMENDED** that the § 2254 petition (doc. 2), challenging Petitioner's suspension from the practice of law by the Florida Supreme Court, be **SUMMARILY DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Tallahassee, Florida, on July 7, 2008.

 S/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**